UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN SOUZA, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHCOAST HEALTH SYSTEM, INC.,<br><br>Defendant. | Civil Action No. 1:22-cv-11472-IT |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(d)**

The undersigned counsel for the parties conferred as required by Fed. R. Civ. P. 26(f) and L.R. 16.1(d) and joint submit the following proposed Scheduling Order in advance of the November 17, 2022 Scheduling Conference. This proposed Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice.

**Discovery and Motion Practice Schedule**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), the parties proposed the following Discovery and Motion Practice Schedule:

1. **Initial Disclosures**. The parties propose that Initial Disclosures related to the class certification issue only, be completed within fourteen (14) days after the November 17, 2022 Scheduling Conference.

2. **Amendments to Pleadings**. The parties agree that given the procedural posture of the matter, amendments to pleadings can only be made with leave of the Court.

3. **Electronic Discovery**. The parties have agreed to discuss the best means of searching and producing ESI as the case proceeds. At this point in time, with respect to the issue

of class certification, the parties do not anticipate extensive electronic discovery will be necessary. If this changes, the parties agree to confer.

4. **Fact Discovery**. The parties agree that fact discovery shall be bifurcated into two phases. Phase I discovery will be limited to whether or not class certification pursuant to Fed. R. Civ. P. 23 is appropriate. Phase II discovery will proceed only if a class is certified and will allow for discovery on the merits of the claims and defenses and the amount of alleged class damages.

The parties propose the following Phase I discovery schedule:

a. The parties agree that all requests for production of documents, requests for admissions, and interrogatories on class certification issues must be served by January 13, 2023.

b. The parties agree that all depositions, other than expert depositions, on class certification issues must be completed by April 14, 2023. The parties agree that each side shall be limited to no more than two (2) depositions on class certification issues.

c. The parties agree that all discovery, other than expert discovery, on class certification issues must be completed by June 16, 2023.

5. **Motion on Class Certification**. The parties propose that Plaintiffs' motion for class certification be filed no later than thirty (30) days after the Close of Phase I Fact Discovery. Defendant's opposition to class certification is to be filed no later than thirty (30) days after service of Plaintiffs' motion for class certification, and Plaintiff's reply in further support of class certification be filed no later than fifteen (15) days after service of Defendant's opposition.

6.      **Status Conference**.  The parties propose that a status conference be held following the Court's ruling on class certification to discuss any dispositive motions, further fact discovery, and other additional deadlines.

<u>**Procedural Provisions**</u>

1.      **Magistrate Judge**.  The parties advise the Court that at least one party does not consent to trial by Magistrate Judge.

2.      **Alternate Dispute Resolution**.  The parties advise the Court that Plaintiff has not made a settlement demand but have stated it will be sent prior to scheduling conference.

3.      **Status Conferences**.  Any party who reasonably believes that a status conference will assist in management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.  Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled.

4.      **Local Rule 16.1(d)(3) Certifications**.  Each party will file the required Certifications separately from this Joint Statement prior to the initial scheduling conference

| PLAINTIFFS,<br><br>JONATHAN SOUZA, on his own behalf and on behalf of all others similarly situated,<br><br>By their attorneys,<br><br><br>*/s/ Ryan P. McClane*<br>Ryan P. McLane, BBO#697464<br>Lauren Bradford, BBO #700084<br>McLane & McLane, LLC<br>269 South Westfield Street<br>Feeding Hills, MA 01030<br>Telephone: (413) 789-7771<br>ryan@mclanelaw.com<br>lauren@mclanelaw.com | DEFENDANT,<br><br>SOUTHCOAST HEALTH SYSTEM, INC.<br><br><br>By its attorneys,<br><br><br>*/s/ Sarah B. Herlihy*<br>Sarah B. Herlihy, BBO #640531<br>Jeanette M. Martinez Figueroa, BBO #707465<br>JACKSON LEWIS P.C.<br>75 Park Plaza, 4th Floor<br>Boston, Massachusetts 02116<br>Telephone: (617) 367-0025<br>sarah.herlihy@jacksonlewis.com<br>jeanette.martinezfigueroa@jacksonlewis.com |
|---|---|

## CERTIFICATE OF SERVICE

This hereby certifies that on this 14th day of November 2022 this document, filed through this Court's ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper and/or electronic copy shall be served on non-registered participants pursuant to applicable rules.

/s/  *Sarah B. Herlihy*
Jackson Lewis P.C.

4866-3225-5035, v. 2